```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| In re<br>ADVANCED LOGIC SYSTEMS, INC. | Civil No. 12-4479 (NLH)<br><br>**OPINION** |

EDWARD ROBERT GROSSI
Law Office of Edward R. Grossi, LLC
464 Valley Brook Ave, Box 911
Lyndhurst, NJ 07071

    On behalf of appellant John W. Fink

JOHN D. KUTZLER
Buzby & Kutzler
1524 West Girard Avenue
Philadelphia, PA 19130

    On behalf of appellee Advanced Logic Systems, Inc.

**HILLMAN, District Judge**

    **I.    Background**

    Presently before the Court is the appeal by appellant John Fink to reverse the bankruptcy court's denial of his motion to reopen the bankruptcy of Advanced Logic Systems, Inc. ("ALSI").[1] Fink had been a financial consultant for ALSI, but he eventually entered into a series of credit agreements with ALSI to provide working capital to the company's operations. Fink provided over $500,000 to ALSI, and in return, he received rights to purchase a

---

[1] This Court has appellate jurisdiction to review the bankruptcy court's order under 28 U.S.C. § 158(a).

certain amount of stock in ALSI.

The financial condition of ALSI deteriorated, litigation between Fink and ALSI ensued, and eventually the parties settled. After paying only half of the million dollar settlement to Fink, ALSI filed for bankruptcy in 2008.[2] Fink was listed as a secured creditor on ALSI's bankruptcy petition. ALSI's assets, at the time of its final petition on April 7, 2009, totaled $263,194.82. After an investigation by the trustee into ALSI's assets, the trustee deemed ALSI's assets abandoned, and no other assets remained. ALSI's bankruptcy was closed on August 13, 2009.

In March 2012, Fink sought to reopen ALSI's bankruptcy based on evidence he claims he discovered after ALSI's bankruptcy was closed. Fink argued to the bankruptcy court that the evidence showed that ALSI omitted several assets on its bankruptcy petition, and ALSI's bankruptcy should be reopened in order to allow the trustee to investigate what Fink contended was a theft of ALSI's missing assets totaling over $60 million.

The bankruptcy court denied Fink's motion, and his motion for reconsideration. The bankruptcy court found that even in the

---

[2] In a later lawsuit, Fink claimed that ALSI owed him over $60 million due to its breach of the settlement and various other agreements. Fink attempted to collect on what he was owed from EdgeLink, Inc., an entity Fink claimed was a successor-in-interest to ALSI. Judgment was entered in EdgeLink's favor on summary judgment. That case is on appeal. (See Fink v. EdgeLink, Civ. A. No. 09-5078 (D.N.J.).) Evidence gathered from discovery in that case serves as the basis, in part, for Fink's request to reopen the bankruptcy of ALSI.

absence of statute of limitations concerns,[3] the trustee diligently investigated ALSI's finances and did not find any suspicious activity or indication of missing assets.  Fink contends that the bankruptcy court's blind reliance on the trustee, without any further inquiry into Fink's allegations, constitutes reversible error.  ALSI has opposed Fink's appeal to the extent that it supports the bankruptcy court's denial of Fink's motion to reopen the bankruptcy.

**II.  Analysis**

Pursuant to the Bankruptcy Code, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  Bankruptcy courts have broad discretion to reopen cases after an estate has been administered.  In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005).  This Court reviews the bankruptcy court's decision denying a motion to reopen for abuse of discretion.  Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997).  Under the abuse of discretion standard, this Court will

---

[3] In denying Fink's first motion to reopen, the bankruptcy court found that any fraudulent conveyance claims were barred by the four-year statute of limitations.  In denying his motion for reconsideration, which clarified that Fink was alleging conversion - a claim governed by a six-year statute of limitations and thus not a bar to his claims on their face - the bankruptcy court reiterated that the basis for the denial of his motions was not the statute of limitations, but rather the diligence of the trustee, the absence of any evidence of missing assets, and the unpersuasiveness of Fink's purported new evidence.

3

not disturb the bankruptcy court's decision unless it rests on "a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  In re Nutraquest, Inc., 434 F.3d 639, 645 (3d Cir. 2006) (citation omitted).

Fink argues that the bankruptcy court discounted substantial evidence demonstrating ALSI's missing assets, and instead improperly favored the trustee's report, which failed to show any indication of hidden assets.  Moreover, Fink argues that the alleged missing assets could not have been abandoned because they were not listed on ALSI's bankruptcy petition, and they are therefore still part of the bankruptcy estate.

To support his contention that ALSI still has assets - assets stolen or improperly converted by ALSI's founder and other members - Fink provides evidence that he claims proves that even after ALSI filed for bankruptcy in 2008, ALSI was soliciting business to sell its proprietary software and technology, ANICS, and that it was renewing contracts for licensing of ANICS or its product spinoffs.  This software, however, was not listed on ALSI's bankruptcy petition.  Fink explains this is due, in part, to ASLI's affiliate corporation, Advanced Logic Services, Inc. ("ALServ"), continuing the business of ALSI even after ALSI's bankruptcy.  It is also due, Fink claims, to ALSI's deliberate falsifications on the bankruptcy petition.  Additionally, Fink claims that there are 27 million shares of stock missing from

4

ALSI's petition, as well as several missing creditors.

In denying Fink's motion to reopen, the bankruptcy court considered that: (1) Fink did not show any evidence that there is a benefit to the estate; (2) there is no documentation of any transfers; (3) the trustee analyzed the potential asset and made a determination that he was not going to pursue it because there was no benefit to the estate; (4) the trustee did not support the motion to reopen; (5) if the trustee believed that there was some transfer that was collectible for the estate, he probably would have taken action before; (6) it is in the trustee's interest to try to maximize the value for the estate; (7) "whatever the investigation back in 2009, [the trustee] came to the conclusion that it was not a benefit to the Estate to attempt to collect, because he has to take into account whether he thinks he'll be successful, how expensive it would be to do it, whether there is real benefit to the Estate that would be valuable to the Estate. He was satisfied that there was not. . . ."; (8) there were no assets in the case to fund an investigation or fund the litigation; (9) the trustee knew of the potential assets because Fink had informed him about his suspicions at the creditors meetings in 2009, and the trustee actually withdrew his original report in order to look into Fink's claims; (10) the trustee found that the value of any software was highly speculative; and (11) specifically addressing Fink's evidence of a 2007 ALSI

5

software licensing proposal, which Fink claims demonstrates that ALSI retained that asset even though it was not listed on the petition, the bankruptcy court noted that it was possible that ALSI no longer had that asset when it filed its petition in 2008, and that reason, or some other reason, explains its omission. (08-BR-31052, June 5, 2012 Transcript.)  Based on all these considerations, the bankruptcy declined to reopen ALSI's bankruptcy.

"Parties do not have an absolute right to reopen a hearing in order to introduce further testimony.  On the contrary, [the bankruptcy court] should not be expected to reopen a closed proceeding after the parties have had the normal opportunities to present evidence absent a special reason for permitting reopening."  In re Time Sales Finance Corp., 474 F.2d 1197, 1201 (3d Cir. 1971).  Even though undisclosed pre-petition assets provide sufficient grounds to reopen a bankruptcy case, In re Atanasov, 221 B.R. 113, 116 (D.N.J. 1998), the bankruptcy court in this matter listed numerous considerations as to why Fink could not demonstrate persuasively the existence of undisclosed assets.  This Court does not find that the bankruptcy court abused its broad discretion in making that finding.  Further, this Court does not find that the bankruptcy court abused its discretion in determining that Fink had not shown a "special reason" to reopen the bankruptcy three years after it was

6

closed.[4]  Accordingly, Fink's request for this Court to reverse the bankruptcy's order denying his motion to reopen must be denied.

An appropriate order will entered.

Date: March 25, 2013           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[4] As this Court noted in Fink v. EdgeLink, Civ. A. No. 09-5078 (D.N.J.), Fink had not "provided any evidence that the bankruptcy trustee discovered any asset transfers by ALSI - during or prior to its bankruptcy filing - to avoid its creditors[.]" (March 27, 2012 Opinion at 13.)